1   BENJAMIN C. MIZER
    Principal Deputy Assistant Attorney General
2   EILEEN M. DECKER
    United States Attorney
3   DOROTHY A. SCHOUTEN, AUSA
    Chief, Civil Division
4   DAVID K. BARRETT, AUSA
    Chief, Civil Fraud Section
5   LINDA A. KONTOS, AUSA
    Deputy Chief, Civil Fraud Section
6   LYNN HEALEY SCADUTO, AUSA
    California State Bar No. 205291
7        Room 7516, Federal Building
         300 North Los Angeles Street
8        Los Angeles, California 90012
         Tel: (213) 894-7395; Fax: (213) 894-5139
9        E-mail: Lynn.Scaduto@usdoj.gov
    MICHAEL D. GRANSTON
10  DANIEL R. ANDERSON
    MARIE V. BONKOWSKI
11  VANESSA I. REED
    ADAM R. TAROSKY
12  Attorneys, Civil Division
    United States Department of Justice
13       601 D Street NW, Room 9542
         Washington, DC 20004
14       Tel: (202) 514-7372; Fax: (202) 305-7797
         E-mail: Marie.Bonkowski@usdoj.gov, Vanessa.Reed@usdoj.gov
15             Adam.Tarosky@usdoj.gov

16  Attorneys for the United States of America

17  KENNETH P. WHITE (SBN 173993)
    BROWN WHITE & OSBORNE LLP
18  333 South Hope Street, 40th Floor
    Los Angeles, CA 90071-1406
19  Tel: (213) 613-0500; Fax: (213) 613-0550
    E-mail: kwhite@brownwhitelaw.com
20
    ELAINE STROMGREN (Florida Bar No. 0417610)
21  JAMES, HOYER, P.A.
    One Urban Centre, Suite 550
22  4830 West Kennedy Blvd.
    Tampa, FL 33609-2589
23  Tel: (813) 397-2300, Fax: (813) 397-2310
    Email: estromgren@jameshoyer.com
24
    MARLAN B. WILBANKS (Georgia Bar No. 758223)
25  WILBANKS & GOUINLOCK, LLP
    Monarch Plaza
26  3414 Peachtree Rd., NE Suite 725
    Atlanta, GA 30326
27  Tel.: (404) 842-1075
    Email: mbw@wilbanksgouinlock.com
28

1 *Admitted Pro Hac Vice*

2 Attorneys for Relator
Karin Berntsen

3
4 MARK HARDIMAN (SBN 136602)
NELSON HARDIMAN LLP
11835 West Olympic Boulevard, Suite 900
5 Los Angeles, CA 90064
Telephone:   (310) 203-2800
6 Facsimile:    (310) 203-2727
Email: mhardiman@nelsonhardiman.com

7
8 Attorneys for Defendants
Prime Healthcare Services, Inc., *et al*.

9 **UNITED STATES DISTRICT COURT**

10 **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

11 **WESTERN DIVISION**

12

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* KARIN BERNTSEN,<br><br>**Plaintiffs**,<br><br>v.<br><br>PRIME HEALTHCARE SERVICES, INC. *et al*.,<br><br>**Defendants**. | Case No. CV 11-08214-PJW<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>[JOINT RULE 26(F) REPORT FILED CONCURRENTLY HEREWITH] |

1.1     PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting and defending this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

Nothing in this Protective Order supersedes existing independent statutory, law enforcement, national security, or regulatory obligations imposed on a party, and this Stipulated Protective Order does not prohibit or absolve the parties from complying with such other obligations.

1.2     GOOD CAUSE STATEMENT

This action is likely to involve information and documents which may be subject to limitations on disclosure due to federal laws, state laws, privileges and/or privacy rights concerning the disclosure of confidential medical information, trade secrets, or proprietary information. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this

matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

1.3   CONFIDENTIAL HEALTH INFORMATION

This action involves documents and information that are likely to contain certain individually identifiable health information (defined as health information that is connected to a patient's name, address, social security number or other identifying number).  Information produced may be subject to the provisions of the Privacy Act (5 U.S.C. § 552a), the HIPAA Privacy and Security Rule (45 C.F.R. Parts 160, 162, 164), or the provisions of 42 U.S.C. § 1306, or there may be no waiver by the patient to produce the records to any entity outside the requested or subpoenaed person. The Producing Party may produce the information in an unredacted form and shall designate this information as confidential in the manner set forth in paragraph 5 below. All Parties receiving this designated information shall not file these documents or information, submit them to the Court, or reproduce their contents in any court filing unless the information is placed under seal or all information that would identify the subject of the document or information has been removed or redacted.

2.   DEFINITIONS

2.1   Action: This pending federal law suit.

2.2   Challenging Party:  A Party or Non-Party that challenges the designation of information or items under this Order.

2.3   "Confidential" or 'Confidential Health Information": Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement and description of Confidential Health Information.

2.4 <u>Counsel</u>: Government counsel, Relator's Counsel, Defendants' Outside Counsel of record and In-house counsel, as well as counsel's support staff.

2.5 <u>Designating Party</u>: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL HEALTH INFORMATION."

2.6 <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 <u>In-House Counsel</u>: Attorneys who are employees of a Party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 <u>Outside Counsel of Record</u>: Attorneys who are not employees of a Party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

2.11 <u>Party</u>: Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 <u>Producing Party</u>: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13 <u>Professional Vendors</u>: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated by a party as "CONFIDENTIAL" or "CONFIDENTIAL HEALTH INFORMATION."

2.15 <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

4

1  Each Party or Non-Party that designates information or items for protection under
2  this Order must take care to limit any such designation to specific material that qualifies
3  under the appropriate standards. The Designating Party must designate for protection
4  only those parts of material, documents, items, or oral or written communications that
5  qualify so that other portions of the material, documents, items, or communications for
6  which protection is not warranted are not swept unjustifiably within the ambit of this
7  Order.

8  Mass, indiscriminate, or routinized designations are prohibited. Designations that
9  are shown to be clearly unjustified or that have been made for an improper purpose (e.g.,
10 to unnecessarily encumber the case development process or to impose unnecessary
11 expenses and burdens on other parties) may expose the Designating Party to sanctions.

12 If it comes to a Designating Party's attention that information or items that it
13 designated for protection do not qualify for protection, that Designating Party must
14 promptly notify all other Parties that it is withdrawing the inapplicable designation.

15 5.2  Manner and Timing of Designations. Except as otherwise provided in this
16 Order (see, e.g., section 5.2(b) below), or as otherwise stipulated or ordered, Disclosure
17 or Discovery Material that qualifies for protection under this Order must be clearly so
18 designated before the material is disclosed or produced. Designation in conformity with
19 this Order requires:

20 (a) For information in documentary form (e.g., paper or electronic documents,
21 but excluding electronic information produced in native form or in a format that is not
22 amenable to visible endorsement on the image, and also excluding transcripts of
23 depositions or other pretrial or trial proceedings), that the Producing Party affix the
24 legend "CONFIDENTIAL" or "CONFIDENTIAL HEALTH INFORMATION" to each
25 page of the document that contains protected material. If only a portion or portions of
26 the material on a page qualifies for protection, the Producing Party also must clearly
27 identify the protected portion(s) (e.g., by making appropriate markings in the margins).

28

5

(b) For electronic information that is provided in native form or a format that is not amenable to visible endorsement on the image, the file name(s) shall begin with "CONFIDENTIAL" or "CONFIDENTIAL HEALTH INFORMATION."[1] The media on which the Protected Material is provided (*e.g.*, CD, DVD, external hard drive) also must be and remain plainly labeled with "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL HEALTH INFORMATION" unless and until the protection of the data within the media is removed. Any copying or transferring of electronic files that are designated as Protected Material must be done in a manner that maintains the protection for all copies, including, but not limited to, maintaining the protection in the filename(s) and the location where the copies are stored and the location where the users access the information.

(c) A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL or CONFIDENTIAL HEALTH INFORMATION legend" to each page of the document that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). If the original documents made available for inspection that are designated for copying include materials produced in native file format, or that are in a format that is not amenable to visible endorsement on the image,

---

[1] The original metadata of the native files shall be retained pursuant to the Parties' agreed upon ESI protocols.

6

1  the Producing Party shall comply with the direction in subparagraph (b) of this
2  Paragraph regarding their production.

3  (d)  For testimony given in depositions that the Designating Party identify the
4  Disclosure or Discovery Material on the record, or by letter from counsel within thirty
5  days of receipt of the official deposition transcript or copy thereof (or written notification
6  that the transcript is available), listing the specific pages and lines of the transcript and
7  any exhibits that should be treated as Protected Material.  The entire deposition transcript
8  (including any exhibits not previously produced in discovery in this Action) shall be
9  treated as Protected Material under this Order until the expiration of the above-
10 referenced 30-day period for designation, except that the deponent (and his or her
11 counsel, if any) may review the transcript of his or her own deposition during the 30-day
12 period subject to this Order and the requirement of executing the certification attached as
13 Exhibit A.  After designation of Protected Material is made, the following shall be
14 placed on the front of the original and each copy of a deposition transcript containing
15 Protected Material: "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or
16 "CONFIDENTIAL HEALTH INFORMATION." If the deposition was filmed, both the
17 recording storage medium (*i.e.* CD or DVD) and its container shall be labeled
18 "CONFIDENTIAL – SUBJECT TO PROTECIVE ORDER" or "CONFIDENTIAL
19 HEALTH INFORMATION."

20 (e)  For information produced in some form other than documentary and for
21 any other tangible items, that the Producing Party affix in a prominent place on the
22 exterior of the container or containers in which the information is stored the legend
23 "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL
24 HEALTH INFORMATION." If only a portion or portions of the information warrants
25 protection, the Producing Party, to the extent practicable, shall identify the protected
26 portion(s).

27
28

(f) For interrogatory answers and responses to requests for admissions, designation of Protected Material shall be made by placing within each interrogatory answer or response to requests for admission asserted to contain Protected Material the following: "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or 'CONFIDENTIAL HEALTH INFORMATION."

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 *et seq*.

6.3 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

6.4 After a designation as Protected Material is removed or withdrawn by the Designating Party or by the Court, the Designating Party must provide to the Receiving Party replacement documents, files, or information that is free from any marking is or designations as Protected Material. The replacement versions shall be provided in the same format as the information that is to be replaced, unless otherwise agreed to by the

Parties. The presumptive time for providing the replacement information shall be ten days, but the Designating Party must in good faith provide the information in a reasonable time, considering any agreements with the Receiving Party, the volume of information to be re-produced, and the nature or format of the information.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

    7.1   <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 regarding Final Disposition below.

    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    7.2   <u>Disclosure of "CONFIDENTIAL" or "CONFIDENTIAL HEALTH INFORMATION" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" or "CONFIDENTIAL HEALTH INFORMATION" only to:

    (a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

    (b)  the officers, directors, and employees (including In-house Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have received a copy of this Order and signed the "Acknowledgment and Agreement to Be Bound" form attached as Exhibit A;

9

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who received a copy of this Order and signed the "Acknowledgment and Agreement to Be Bound" form attached as Exhibit A;

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors, to whom disclosure is reasonably necessary for this Action and who have received a copy of this Order and signed the "Acknowledgment and Agreement to Be Bound" form attached as Exhibit A;

(g) witnesses and potential witnesses, including their counsel, provided each such person first receives a copy of this Order and signs the "Acknowledgment and Agreement to Be Bound" form attached as Exhibit A;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided that (1) the deposing party provides the witness with a copy of this Order and requests that the witness signs the "Acknowledgment and Agreement to Be Bound" form attached as Exhibit A; and (2) the witness will not be permitted to keep any Protected Material unless they sign the "Acknowledgment and Agreement to Be Bound" attached as Exhibit A, unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(i) any mediator, arbitrator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

10

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "CONFIDENTIAL HEALTH INFORMATION" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," or "CONFIDENTIAL HEALTH INFORMATION" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. Absent a court order to the contrary, the Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in connection with this Action, including the United States' investigation of Relator's allegations, and designated as "CONFIDENTIAL" or "CONFIDENTIAL HEALTH INFORMATION". Such information produced by Non-Parties in connection with this

litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of this Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's Confidential Information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.  <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" form attached as Exhibit A.

11.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

12.  MISCELLANEOUS

12.1  Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2  Right to Assert Other Objections. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3  Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Receiving Party intends to file any Protected Material of a Designating Party, it must provide sufficient notice to the Designating Party to allow the Designating Party to timely request to file the Protected Material at issue under seal. If the Designating Party's request to file Protected Material under seal is denied by the

1 court, then the Receiving Party may file the information in the public record unless
2 otherwise instructed by the court.

3 13. FINAL DISPOSITION

4 After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION). The United States Attorney's Office for the Central District of California, the Civil Division of the Department of Justice, and the Office of the Inspector General of the Department of Health and Human Services shall each have the right to maintain one copy of such documents for their master files.

25 14. DISCLOSURE TO AGENCIES OR DEPARTMENTS OF THE UNITED
26         STATES OR OF THE STATE OF CALIFORNIA

14

Nothing contained in this Order shall prevent or in any way limit or impair the right of the United States or of the State of California to disclose to any agency or department of the United States or of the State of California, or any division of any such agency or department, designated confidential documents or electronically stored information relating to any potential violation of law or regulation, or relating to any matter within that agency's or department's jurisdiction.  Nor shall anything contained in this Order prevent or in any way limit or impair the use of any such designated confidential documents or electronically stored information by an agency or department in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's or department's jurisdiction, provided, however, that the agency or department shall maintain the confidentiality of the designated confidential documents or electronically stored information consistent with the terms of this Order.

15. <u>DISCLOSURES TO THE UNITED STATES CONGRESS</u>

Nothing contained in this Order shall prevent or in any way limit or impair the right of the United States to provide designated confidential documents or electronically stored information to a Congressional entity, provided, however that the United States shall notify the Congressional entity requesting the documents or electronically stored information that the designated confidential documents or electronically stored information have been produced pursuant to this Order and shall, if there are no objections interposed by the Congressional entity requesting the documents or electronically stored information, use reasonable efforts to notify the Producing Party of the Congressional entity's request and the United States' response thereto.

16. Notwithstanding Section 10 of this Order, any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: July 22, 2016 | |

DATED: July 22, 2016

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
EILEEN M. DECKER
United States Attorney
DOROTHY A. SCHOUTEN, AUSA
Chief, Civil Division
DAVID K. BARRETT, AUSA
Chief, Civil Fraud Section
LINDA A. KONTOS, AUSA
Deputy Chief, Civil Fraud Section
MICHAEL D. GRANSTON
DANIEL R. ANDERSON
MARIE V. BONKOWSKI
VANESSA I. REED
ADAM R. TAROSKY
Attorneys, Civil Division
United States Department of Justice

By:   /s/ Lynn Scaduto
      LYNN HEALEY SCADUTO
      Assistant United States Attorney

Attorneys for Plaintiff
United States of America

DATED: July 22, 2016

JAMES HOYER, P.A.

By:   /s/ Elaine Stromgren
      ELAINE STROMGREN

Attorneys for Relator
Karin Bernsten

DATED: July 22, 2016

NELSON HARDIMAN, LLP

By:   /s/ Mark Hardiman
      MARK HARDIMAN

Attorneys for Defendants

16

# **ORDER**

GOOD CAUSE APPEARING, IT IS SO ORDERED.

DATED: July 25, 2016

*Patrick J. Walsh*

_____
HONORABLE PATRICK J. WALSH
United States Magistrate Judge

17

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *United States ex rel. Karin Bernsten v. Prime Healthcare Services, Inc. et al.*, Case No. CV 11-08214PJW (MG). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint the person at the address and telephone number designated below as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

```
Name of Agent:  _____
Address:        _____
                _____
Telephone:      _____
```

Executed under penalty of perjury on [date] in [City], [State].

Name:       _____
Address:    _____
Signature:  _____